Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
mark.robertson@nortonrosefulbright.com

*Attorneys for Defendants Concordia International Corp., Mark Thompson, and Adrian de Saldanha*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| David Schwartz, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| -against- | CIVIL ACTION NO. |
| Concordia International Corp., Mark Thompson, and Adrian de Saldanha, | **Defendants' Notice of Removal** |
| Defendants. | |

---

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Concordia International Corp., Mark Thompson, and Adrian de Saldanha (collectively, "Defendants") hereby remove the civil action styled *David Schwartz, Individually and on behalf of all others similarly situated v. Concordia International Corp., Mark Thompson, and Adrian de Saldanha*, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of Kings, Index Number 518116/2016, to the United States District Court for the Eastern District of New York. Defendants appear for the exclusive purpose of removal, and reserve all defenses and rights available to them.

27708423.2

1.      Plaintiff filed the above-captioned suit as a purported class action on October 14, 2016, in the Supreme Court of the State of New York, County of Kings, under Index No. 518116/2016. Defendant Concordia International Corp. ("Concordia") was served with the complaint at the company's office in Canada on November 7, 2016. Defendants Mark Thompson and Adrian de Saldanha have not been served but voluntarily join this Notice of Removal. A true and correct copy of the summons, complaint, and Notice of Commencement of Action Subject to Mandatory Electronic Filing in the state court action are attached as Appendix A.

2.      The summons and complaint are the only documents filed in this case to date. A true and correct copy of the Document List for this case, as retrieved from the NYSCEF electronic docketing system on November 22, 2016, is attached as Appendix B.

3.      This notice of removal is being filed within 30 days of service of the summons and complaint on Defendants. It is therefore timely filed under 28 U.S.C. § 1446(b).

4.      This action is within this Court's original jurisdiction under 28 U.S.C. § 1331 because it asserts exclusively claims arising under the laws of the United States. Specifically, Plaintiff's three causes of action allege violations of sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act") by Defendants. Compl. ¶¶ 32–49.

5.      Because this is a civil action over which this Court has original jurisdiction under § 1331, the case is removable pursuant to 28 U.S.C. § 1441(a) and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(c). Section 1441(a) states, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). SLUSA amended Section 22(a) of the

Securities Act to "create[] an exception to th[e] general rule" barring removal of "claims brought under the Securities Act in state court." *Rubin v. Pixelplus Co., Ltd.*, No. 06-CV-2964 (ERK), 2007 WL 778485, at *3 (E.D.N.Y. Mar. 13, 2007). Section 22(a) now states, "[e]xcept as *provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). Section 77p(c), in turn, provides that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable . . . , and shall be subject to subsection (b)," *id.* § 77p(c), which sets forth certain subject-matter limitations on "covered class actions," *id.* § 77p(b).

6. The Securities Act, as amended by SLUSA, defines "covered class action" to include any damages action brought on behalf of more than 50 people and any damages action brought on a representative basis on behalf of other unnamed parties similarly situated. *Id.* § 77p(f)(2)(A)(i). The Act further defines "covered security" to include shares "listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market." *Id.* §§ 77p(f)(3), 77r(b)(1)(A).

7. This action qualifies as a "covered class action . . . involving a covered security" for purposes of § 77p(c). Plaintiff is a named party seeking to recover damages on a representative basis on behalf of himself and others similarly situated, and the complaint alleges that questions of law or fact predominate over individual questions. Compl. ¶¶ 1, 26, 28, 30. Additionally, the securities at issue, Concordia common stock, are "covered securit[ies]" within the meaning of §§ 77p(c) and 77p(f) because they are currently listed, and were listed during the relevant period, on the Nasdaq Stock Market. Compl. ¶ 3.

8. Section 77p(f) makes no reference to the law governing the plaintiff's claims—that is, the statute does not define a "covered class action" as one "asserting claims under state or common law." Compl. ¶ 2. Rather, section 77p(b), from which the "state or common law" language purportedly derives, serves only to authorize the removal and subsequent dismissal of class actions "based upon the statutory or common law of any State." *Rubin*, 2007 WL 778485, at *3–4. Put differently, instead of reading § 77p(b) to limit removal to cases raising state-law claims only, "a more appropriate interpretation . . . would be to read 'the reference in § 77p(c) to subsection (b) [as] includ[ing] state law class actions among the cases that may be removed, but . . . not limit[ing] removal to just those cases.'" *Id.* at *4 (first and second alterations in original) (quoting *Alkow v. TXU Corp.*, No. 3:02-CV-2738-K, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003)). State-court class actions asserting federal securities claims are removable under § 77p(c) as well. *Id.* This construction both harmonizes the provisions of the statute and serves congressional intent: "A holding that a class action complaint labeled as a state law or common law cause of action is removable, and one labeled as a Securities Act violation is not, would lead to an absurd result that would undermine the principal purpose of SLUSA, which was to stop 'state-court litigation of class actions involving nationally traded securities.'" *Id.* at *5 (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 82 (2006)).

9. Although courts within this Circuit have diverged on the subject, the weight of recent authority favors the removability of state-court class actions raising only federal securities claims. *Compare Hung v. iDreamSky Tech. Ltd.*, No. 15-CV-2514 (JPO), 2016 WL 299034, at *2 (S.D.N.Y. Jan. 25, 2016) (permitting removal), *In re Fannie Mae 2008 Sec. Litig.*, No. 08-CV-7831, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009) (same), *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (same), and *Rubin*, 2007 WL 778485, at *5 (same), *with*

*Irra v. Lazard Ltd.*, No. 05 CV 3388 RJDRML, 2006 WL 2375472, at *1 (E.D.N.Y. Aug. 15, 2006) (denying removal).

10. Accordingly, this case is removable to this Court under 28 U.S.C. § 1441 and 15 U.S.C. §§ 77p(c) and 77v.

11. Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Kings, in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the notice to be served and filed is attached as Appendix C.

WHEREFORE, Defendants, pursuant to 28 U.S.C. § 1441(a), remove this action in its entirety from the Supreme Court of the State of New York, County of Kings, to this Court.

Dated:  November 28, 2016

Respectfully submitted,
NORTON ROSE FULBRIGHT US LLP

/s/ Mark A. Robertson
Mark A. Robertson
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3000
Facsimile:  (212) 318-3400
mark.robertson@nortonrosefulbright.com

*Counsel for Defendants Concordia International Corp., Mark Thompson, and Adrian de Saldanha*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel for plaintiff has been served by United States Mail, return receipt requested, and by email on November 28, 2016, at the following location:

Peretz Bronstein
Shimon Yiftach
Bronstein, Gewitz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
peretz@bgandg.com

                                                                               /s/ Mark A. Robertson
                                                                                 Mark A. Robertson