Appendix A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** _KINGS_
-----------------------------------------------------------------X
DAVID SCHWARTZ, Individually and On Behalf of
All Others Similarly Situated,

Plaintiff/Petitioner,

- against -                                     Index No. _518116/2016_

CONCORDIA INTERNATIONAL CORP., MARK
THOMPSON, and ADRIAN DE SALDANHA,
Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:   November 2, 2016

| | |
|---|---|
| _Signature_ | 60 East 42nd Street, Suite 4600 |
| | _Address_ |
| Peretz Bronstein, Esq. | New York, NY 10165 |
| _Name_ | |
| Bronstein, Gewirtz and Grossman, LLC | (212) 697-6484 |
| _Firm Name_ | _Phone_ |
| | peretz@bgandg.com |
| | _E-Mail_ |

To:   Concordia International Corp., Mark Thompson, and Adrian De Saldanha

227 Lakeshore Road East, Suite 302, Oakville, Ontario L6J 1H9

9/3/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
DAVID SCHWARTZ, Individually and On Behalf of        :
All Others similarly Situated,                                   :
                                                                :       Index No.
                                              Plaintiffs,        :
                                                                :       **SUMMONS**
                        - against -                             :
                                                                :
                                                                :       Basis for venue designated is the
                                                                :       residence of Plaintiffs.
CONCORDIA INTERNAITONAL CORP., MARK                 :
THOMPSON, and ADRIAN DE SALDANHA,                   :
                                                                :
                                              Defendant.        :
------------------------------------------------------------------x

        To the Person(s) Named as Defendant(s) Above:

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the
complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the
address indicated below within 20 days after the service of this Summons (not counting the day
of service itself), or within 30 days after service is complete if the Summons is not delivered
personally to you within the State of New York.

        YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be
entered against you by default for the relief demanded in the complaint.

Dated: October 14, 2016

                                BRONSTEIN, GEWIRTZ & GROSSMAN, LLC


                                By:s/Peretz Bronstein
                                        Peretz Bronstein
                                        Shimon Yiftach
                                        60 East 42nd Street, Suite 4600
                                        New York, New York 10165
                                        (212) 697-6484
                                        *Attorneys for Plaintiffs*

1

TO:

Concordia International Corp., Mark Thompson, and
Adrian De Saldanha
227 Lakeshore Road East, Suite 302
Oakville, Ontario L6J 1H9

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
DAVID SCHWARTZ, Individually and On Behalf of
All Others Similarly Situated,

        Plaintiff,                          Index No. _____/2016

    - against -

                                   <u>CLASS ACTION</u>

                                   COMPLAINT FOR VIOLATION
                                   OF FEDERAL SECURITIES
                                   LAWS

                                   JURY TRIAL DEMANDED

CONCORDIA INTERNATIONAL CORP., MARK
THOMPSON, and ADRIAN DE SALDANHA,

        Defendants.
-------------------------------------------------------------------X

      Plaintiff David Schwartz ("Plaintiff"), individually and on behalf of all others similarly

situated, through his attorneys, alleges the following against the defendants. Plaintiff alleges

these facts upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon

information and belief as to all other matters based on the investigation conducted by and

through Plaintiff's attorneys, which included, among other things, a review of Concordia

International Corp.'s ("Concordia" or "Company") press releases, Securities and Exchange

Commission ("SEC") filings, analyst reports, media reports and other publicly disclosed reports

and information about defendants. Plaintiff believes that a reasonable opportunity for discovery

will show that substantial evidentiary support exists for the allegations.

### NATURE OF THE ACTION

    1.      This is a securities class action on behalf of all those who purchased or otherwise

acquired Concordia common stock pursuant to or traceable to Concordia's false and misleading

Registration Statement, Prospectus, and Supplemental Prospectus ("Offering Documents")
issued in connection with Concordia's secondary offering on or about September 30, 2015 (the
"Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "1933 Act").

## JURISDICTION AND VENUE

2.      The claims alleged herein arise under §§11, 12(a)(2) and 15 of the 1933 Act, 15
U.S.C. §§77k, 77l(a)(2) and 77o.  Jurisdiction is conferred by §22 of the 1933 Act and venue is
proper pursuant to §22 of the 1933 Act.  Section 22 of the 1933 Act explicitly states that
"[e]xcept as provided in section 16(c), no case arising under this title and brought in any State
court of competent jurisdiction shall be removed to any court in the United States."  Section
16(c) refers to "covered class actions," which are defined as lawsuits brought as class actions or
brought on behalf of more than 50 persons asserting claims under state or common law.  This
action asserts claims only under federal law.  Thus, it does not fall within the definition of a
"covered class action" under §16(b)-(c) and is thus not removable to federal court, under the
Securities Litigation Uniform Standards Act of 1998 or otherwise.

3.      The violations of law complained of herein occurred in this State because
Concordia's Offering was made available on and its common stock trades on the NASDAQ,
which is located in New York.  The false and misleading statements of the Offering Documents
were disseminated by defendants into this state and county.  Thus, this Court has jurisdiction
over defendants.

4.      Venue is proper because no party to this lawsuit resides in the state of New York
and plaintiff may designate venue pursuant to NY CPLR § 503(a).

2

**PARTIES**

5.      Plaintiff David Schwartz purchased Concordia common stock pursuant to or traceable to the Offering, and was damaged thereby.

6.      Defendant Concordia is an Ontario, Canada corporation with its principal executive offices located at 277 Lakeshore Road East, Suite 302, Oakville, Ontario L6J, Canada. Concordia's common shares trade on the NASDAQ Stock market under the symbol "CXRX."

7.      Defendant Mark Thompson ("Thompson") served as the Chief Executive Officer ("CEO") of Concordia at all relevant times.

8.      Defendant Adrian de Saldanha ("Saldanha") served as the Chief Financial Officer ("CFO") of Concordia at all relevant times until his departure in August of 2016.

9.      Defendants Thompson and Saldanha are collectively referred to hereinafter as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

10.     Concordia is a specialty pharmaceutical company that purportedly owns a portfolio of branded and generic prescription products that are sold to wholesalers, hospitals and pharmacies in over 100 countries.

11.     On September 21, 2015, Concordia issued a press release announcing a secondary public offering to close on September 30, 2015:

> TORONTO, Sept. 21, 2015 /CNW/ - **Concordia Healthcare Corp. ("Concordia" or the "Company")** (NASDAQ: CXRX) (TSX: CXR) today announced that it has filed a preliminary prospectus supplement (the "Preliminary Supplement") to the short form base shelf prospectus dated July 16, 2015, with the securities regulatory authorities in each of the provinces of Canada and a corresponding registration statement on Form F-10 with the U.S. Securities and Exchange Commission. The Preliminary Supplement relates to a proposed issuance of 8,000,000 common shares ("Offered Shares") of the Company (the "Offering"). Final pricing and determination of the total size of the Offering will occur

3

prior to the filing of the final prospectus supplement in respect of the Offering. The Preliminary Supplement has not yet become final.

The Offering will be conducted by a syndicate of underwriters led by Goldman, Sachs & Co. and RBC Capital Markets, as lead book running managers, and Credit Suisse Securities (USA) LLC and Jefferies LLC, as additional book running managers.

The net proceeds of the Offering will be used to fund, in part: (i) a portion of the purchase price for the acquisition by the Company of all of the outstanding shares in the capital of Amdipharm Mercury Limited (the "Acquisition"); and (ii) the fees and expenses incurred in connection with the Acquisition.

In the event that the Acquisition is not completed, the net proceeds from the Offering will initially be added to the Company's working capital and will subsequently be used to fund future acquisitions in furtherance of the Company's business plan, for general corporate purposes and to potentially repay certain debt obligations of the Company.

The Offering is expected to close on or about September 30, 2015 and is subject to certain conditions including, but not limited to, the receipt of all necessary approvals, including the approval of the Toronto Stock Exchange and the NASDAQ Global Select Market®.

12.    That Form F-10 is entitled "PRELIMINARY PROSPECTUS SUPPLEMENT

TO THE SHORT FORM BASE SHELF PROSPECTUS DATED JULY 16, 2015."

13.    On or about September 24, 2015, Concordia issued a second press release about

the Offering (in relevant part):

**CONCORDIA HEALTHCARE ANNOUNCES TERMS OF US$520 MILLION PUBLIC OFFERING OF COMMON SHARES**

TORONTO, Sept. 24, 2015 /CNW/ - **Concordia Healthcare Corp. ("Concordia" or the "Company")** (NASDAQ: CXRX) (TSX: CXR) today announced the size and pricing of its underwritten public offering (the "Offering") of 8,000,000 common shares of Concordia at a price of US$65.00 per common share (the "Offering Price"). The gross proceeds from the Offering are expected to be US$520 million.

The Offering is being conducted by a syndicate of underwriters led by Goldman, Sachs & Co. and RBC Capital Markets, as lead book running managers, and Credit Suisse Securities (USA) LLC and Jefferies LLC, as additional book running managers (collectively and together with the Canadian affiliates of certain of the book running managers, the "Underwriters"). In addition, the Company has granted the Underwriters an

4

option (the "Underwriters' Option") to purchase an additional 1,200,000 common shares of Concordia at the Offering Price per additional common share, exercisable at any time, and from time to time, in whole or in part, up to 30 days from the closing of the Offering. If the Underwriters' Option is exercised in full, the total gross proceeds to Concordia are expected to be US$598 million.

The common shares will be sold pursuant to a final prospectus supplement (the "Supplement") to the short form base shelf prospectus dated July 16, 2015 to be filed with the securities regulatory authorities in each of the provinces of Canada and a final prospectus supplement (the "U.S. Supplement") to the corresponding registration statement on Form F-10 to be filed with the U.S. Securities and Exchange Commission.

The net proceeds of the Offering will be used to fund, in part: (i) a portion of the purchase price for the previously announced acquisition by the Company of all of the outstanding shares in the capital of Amdipharm Mercury Limited (the "Acquisition"); and (ii) the fees and expenses incurred in connection with the Acquisition.

In the event that the Acquisition is not completed, the net proceeds from the Offering will initially be added to the Company's working capital and will subsequently be used to fund future acquisitions in furtherance of the Company's business plan, for general corporate purposes and to potentially repay certain debt obligations of the Company.

The Offering is expected to close on or about September 30, 2015 and is subject to the satisfaction of certain conditions including, but not limited to, the receipt of all necessary approvals, including the approval of the Toronto Stock Exchange.

14.     The second F-10 mentioned by Concordia in its September 24, 2015 press release is entitled "PROSPECTUS SUPPLEMENT TO THE SHORT FORM BASE SHELF PROSPECTUS DATED JULY 16, 2015" ("Supplemental Prospectus"). It is a finalized version of the first F-10 and both are highly similar, if not identical, in most respects, although the latter includes more details about pricing of the Offering. The referenced July 16 document is attached to a Registration Statement (Form F-10/A) that was filed with the SEC on or around July 17, 2015.

15.     The Supplemental Prospectus promotes the Offering by, amongst other things, explaining the purported strength of its business operations and its branded drugs, including Donnatal, which it noted accounted for 21% of Concordia's revenue in 2014 (in relevant part):

5

Concordia is a diverse healthcare company that is primarily focused on sustainable established legacy pharmaceutical products, which are off-patent drugs and have a track record of safety and efficacy, a history of stable prescription demand, and competitive barriers to entry. Some of Concordia's products are often difficult to manufacture, have specialized regulatory status and/or possess strong brand loyalty that allows them to maintain ongoing sales after patent expiration. Concordia's business strategy involves seeking to acquire products and maximize their value through:

- optimizing the sales and pricing strategy;

- managing regulatory affairs and supply chain;

- optimizing its corporate structure;

- identifying authorized generic opportunities; and

- exploring targeted promotion or co-promotion.

The Corporation has utilized this strategy in six acquisitions since 2013 (not including the Acquisition), which has added a portfolio of products, including branded products such as Nilandron®, for the treatment of metastatic prostate cancer; Dibenzyline®, for the treatment of pheochromocytoma; Lanoxin®, for the treatment of mild-to moderate heart failure and atrial fibrillation; Plaquenil®, for the treatment of lupus and rheumatoid arthritis; Donnatal® for the treatment of irritable bowel syndrome; and Zonegran® (zonisamide) for treatment of partial seizures in adults with epilepsy. Donnatal® accounted for 21% of the Corporation's 2014 total revenue, Lanoxin® accounted for 16% of 2014 total revenue, Plaquenil® accounted for 9% of 2014 total revenue, and each of Zonegran® and Dibenzyline® accounted for 8% of 2014 total revenue.

\*\*\*

After giving effect to the Acquisition, the Corporation will have a high level of financial diversification with sales in over 100 countries and no single product representing more than 10% of revenues. Concordia's global operations after the Acquisition are expected to provide the Corporation with the opportunity to maximize brand value worldwide as well as to identify products that may have specialized value propositions in certain specific markets.

16.     The Supplemental Prospectus also discusses the strength of its operations and business prospects after its acquisition of Amdipharm Mercury Limited ("AMCo"), stating in pertinent part:

6

## CONCORDIA FOLLOWING THE ACQUISITION

Concordia believes that, subsequent to the completion of the Acquisition, the Corporation will possess a number of attributes and competitive advantages that should enable it to maintain and grow revenues and operating cash flow.

- *Sustainable Products Portfolio* - Concordia's portfolio pro forma for the Acquisition will consist of established, branded, off-patent and authorized generic products. The majority of the Corporation's products and the products of AMCo have a long prescription. history, an established prescriber base and a proven safety and efficacy profile. The United Kingdom has historically represented a large market for generic pharmaceutical products in Europe, with a value of approximately £6.5 billion in 2014 and forecasted growth of approximately 4% until 2019. Additionally, some of Concordia's products benefit from barriers to entry such as complex formulation, manufacturing or regulatory challenges. The Corporation believes products with these characteristics will face a lesser degree of competition.

- *Diversified Revenue Stream* - Giving effect to the Acquisition, the Corporation's product portfolio will be comprised of a total of over 190 products across several therapeutics areas. As a result, Concordia expects that the Acquisition will significantly increase its size and scale while reducing its reliance on any individual product. No single product will represent more than 10% of pro forma 2014 revenue. After giving effect to the Acquisition, Donnatal$^®$ would account for approximately 8% of 2014 pro forma total revenue, Lanoxin$^®$, Eltroxin, and Macrobid would each represent 6% of 2014 pro forma total revenue and Predsol would account for approximately 4% of 2014 pro forma total revenue. The Corporation believes that this enhanced diversification will increase the expected stability of its aggregate revenue base going forward. In addition, AMCo has developed a pipeline of products which consists of approximately 60 product launches over the next three years mostly in the form of new dosages or formulations of existing drugs.

- *Scalable Business Model with Reliable Outsourcing* - Concordia's and AMCo's partnerships with service providers, including CMOs, are expected to continue to enable the Corporation to produce and deliver quality, safe and reliable products without being exposed to the headcount and fixed costs of operating a pharmaceutical manufacturing facility. The Corporation believes that its limited fixed costs and capital investments together with its targeted development and promotional spending will continue to enable the Corporation to maintain attractive Adjusted EBITDA margins and generate free cash flow. The acquisition of AMCo adds further capabilities as the Centre of Excellence in India provides operational functions ranging from regulatory, supply chain, medical marketing, customer service, information technology and finance that can be leveraged by Concordia.

- *Strong Financial Profile with High Margins and Cash Flow Generation* - Concordia benefits from a high cash flow conversion profile. The Corporation's cash flow generation can be attributed to attractive gross

7

margins, controlled operating expenses and modest capital expenditures. The Corporation expects that the Acquisition will further enhance its ability to generate cash flow. For the twelve months ended December 31, 2014, the pro forma Adjusted EBITDA margin for the Corporation was 59%. The Corporation intends to employ its cash flow to manage its indebtedness and de-lever over time while opportunistically pursuing its acquisition-driven growth strategy to continue to enhance its product portfolio.

- *Track Record of Successfully Growing the Business through Acquisitions* - The current Concordia management team has a demonstrated track record of successfully identifying, acquiring and integrating products and businesses in order to drive growth and realize synergies. Since 2013, the Corporation has successfully completed six acquisitions (not including the Acquisition) of varying size and complexity.

- *Strong Management with Extensive Industry Experience* - Certain members of the Corporation's executive management team and Board have, on average, 15 years of pharmaceutical product acquisition and operational experience. The Acquisition of AMCo and its experienced senior management team is expected to be complementary to and enhance the Corporation's management team.

17.     The Supplemental Prospectus priced the Offering at $65 per share for 8 million shares offered for a total of $520 million to be raised.

18.     The document also provided the Company's pro forma statement of income for the 6 months ended June 30, 2015, stating in relevant part:

**Concordia Healthcare Corp**
**Unaudited Pro Forma Condensed Consolidated Statement of Income (Loss)**
**Six Months Ended June 30, 2015**
**US $000's**

| | Concordia Healthcare Corp. | Covis Portfolio | Amdipharm Mercury Limited | Pro Forma Adjustments | Reference | Concordia Healthcare Corp. Pro Forma Consolidated |
|---|---|---|---|---|---|---|
| Revenue | $ 113,949 | $60,880 | $ 251,729 | (2,124) | | $ 424,434 |
| Cost of sales | 11,150 | 5,638 | 69,775 | (106) | | 86,457 |
| **Gross profit** | **102,799** | **55,242** | **181,954** | **(2,018)** | **7(i)** | **337,977** |
| **Operating expenses** | | | | | | |
| General and administrative | 14,616 | 5,280 | 33,109 | — | | 53,005 |
| Acquisition, restructuring and other | 12,556 | — | 3,548 | (10,820) | 7(h) | 5,284 |
| Selling and marketing | 7,329 | — | 18,297 | — | | 25,626 |

8

| | | | | | | |
|---|---|---|---|---|---|---|
| Research and development | 5,792 | — | 620 | — | | 6,412 |
| Share-based compensation | 5,017 | 698 | — | — | | 5,715 |
| Exchange listing expenses | 574 | — | — | — | | 574 |
| Amortization of intangible assets | 20,260 | 10,522 | 36,434 | (10,522) | 7(f) | 80,369 |
| | | | | 11,956 | 7(f) | |
| | | | | 11,719 | 5(a) | |
| Depreciation expense | 128 | — | 905 | — | | 1,033 |
| **Total operating expenses** | **66,272** | **16,500** | **92,913** | **2,333** | | **178,018** |
| **Operating income** | **36,527** | **38,742** | **89,041** | **(4,351)** | | **159,959** |
| **Other income and expense** | | | | | | |
| Interest and accretion expense | 27,653 | 2,598 | 89,597 | (2,598) | 7(d) | 108,180 |
| | | | | (8,641) | 7(e) | |
| | | | | 19,691 | 7(c) | |
| | | | | 1,528 | 7(c) | |
| | | | | 81,479 | 6(c) | |
| | | | | (13,530) | 6(d) | |
| | | | | (89,597) | 6(e) | |
| Finance income | — | — | (631) | — | | (631) |
| Impairment loss | 668 | — | — | — | | 668 |
| Change in fair value of contingent consideration | (6,224) | — | — | — | | (6,224) |
| Foreign exchange (gain) loss | (282) | — | (52,139) | 52,139 | 6(e) | (282) |
| Fair value loss on foreign exchange forward contract | 5,126 | — | — | — | | 5,126 |
| Other (income) expense | 400 | (78) | (238) | — | | 84 |
| **Income (loss) before tax** | **9,186** | **36,222** | **52,452** | **(44,822)** | | **53,038** |
| Income taxes | | | | | | |
| Current | 475 | 3,412 | 16,642 | 7,088 | 5(f) | 27,617 |
| Deferred | 3,598 | — | (4,373) | (2,344) | 5(f) | (3,119) |
| **Net Income (loss)** | **5,113** | **32,810** | **40,183** | **(49,566)** | | **28,540** |

19.     On or around September 30, 2015, Concordia released the following press release announcing the completion of the Offering (in pertinent part):

**CONCORDIA HEALTHCARE COMPLETES US$520 MILLION PUBLIC OFFERING OF COMMON SHARES AT US$65.00 PER COMMON SHARE**

OAKVILLE, ON, Sept. 30, 2015 /CNW/ – Concordia Healthcare Corp. ("Concordia" or the "Company") (NASDAQ: CXRX) (TSX: CXR) today announced that, further to its September 24, 2015 press release, it has completed its underwritten public offering (the "Offering") of 8,000,000 common shares of Concordia for aggregate gross proceeds of US$520 million.

9

The Offering was completed at a price per share of US$65.00 (the "Offering Price") by a syndicate of underwriters led by Goldman, Sachs & Co. and RBC Capital Markets, as lead book running managers, and Credit Suisse Securities (USA) LLC and Jefferies LLC, as additional book running managers, together with the Canadian affiliates of certain of the book running managers (the "Underwriters"). The Company also has granted the Underwriters an option to purchase up to an additional 1,200,000 common shares of Concordia at the Offering Price, exercisable at any time, and from time to time, in whole or in part, up to 30 days after and including the closing date of the Offering.

The Company intends to use the net proceeds of the Offering to fund in part the purchase price and costs related to the acquisition of Amdipharm Mercury Limited ("AMCo"), which the Company expects to close during the fourth quarter of 2015. The Company expects to finance the balance of the purchase price through a combination of term loans and a private placement of non-convertible debt securities, and has committed financing from certain of the Underwriters to pay for the purchase price of AMCo, to refinance all outstanding term loans or indebtedness for borrowed money of AMCo, and to repay certain existing debt of Concordia.

As previously announced, the Company entered into an agreement to acquire London-based AMCo earlier this month. The purchase price for the acquisition will consist of cash consideration of approximately £800 million (approximately US$1.2 billion), a fixed amount of 8.49 million common shares of the Company, and the repayment of AMCo's existing debt of approximately US$1.4 billion (senior secured facilities of £581 million and €440 million), plus accrued interest and related cross-currency swaps. In addition, Concordia will pay £272,801 (approximately US$414,000), and a maximum cash earn-out of £144 million (approximately US$220 million) based on AMCo's future gross profit over a period of 12 months from October 1, 2015.

20.     The above statements contained in ¶¶10, 12, 14-15, and 18 were materially false and/or misleading, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, these statements were false and/or misleading statements and/or failed to disclose that: (i) that the Company was experiencing a substantial increase in market competition against the Company's drug, Donnatal, and other products; (ii) consequently, the Company's financial results would suffer and the Company would be forced to suspend its dividend; and (iii) as a result of the foregoing, Defendants' statements about Concordia' business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

10

21.     The Offering Documents were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

**Concordia Reveals Its Products Have "Unexpected Competition"**

22.     On August 12, 2016, Concordia issued a press release announcing that it was lowering its previously published 2016 guidance "to reflect the impact of unexpected competition on several products in our North America segment, and current foreign currency exchange rates." The Company also announced that Adrian de Saldanha, Concordia's Chief Financial Officer, was leaving the Company, and that Concordia's Board unanimously agreed to suspend the Company's $0.075 quarterly dividend.  In relevant part, the Company stated:

> OAKVILLE, ON, Aug. 12, 2016 /CNW/ - Concordia International Corp. ("Concordia" or the "Company") (NASDAQ: CXRX) (TSX: CXR), an international pharmaceutical company focused on legacy pharmaceutical products and orphan drugs, today announced its financial and operational results for the three and six months ended June 30, 2016. All financial references are in U.S. dollars unless otherwise noted.

> "Our international segment continues to perform well as the team executes and delivers on its business plan," said Mark Thompson, Chairman and Chief Executive Officer of Concordia. "However, we have revised our 2016 guidance to reflect the impact of unexpected competition on several products in our North America segment, and current foreign currency exchange rates. Notwithstanding these revisions, we continue to maintain a strong free cash flow profile, our debt structure has no ongoing maintenance covenants and we are in compliance with all of our debt covenants. Furthermore, the business we have built reflects the value of having therapeutic and geographic diversity across our global platform. We remain committed to building a dynamic international specialty pharmaceutical company and driving long-term shareholder value."

> **Second Quarter 2016 Highlights**

> •   Reported Concordia International segment revenue of $151.5 million, compared to $139.9 million in the first quarter of 2016. There were no comparative second quarter 2015 results for Concordia's International segment, which was acquired in the fourth quarter of 2015.

11

- Reported Concordia North America segment revenue of $77.5 million compared to $72.4 million in the second quarter of 2015.
- Since October 21, 2015, the Company's International segment has launched 13 products. These products include branded and generic therapies for the treatment of prostate cancer, pain, depression, and obesity.
- On June 30, 2016, Concordia announced that the U.S. Food and Drug Administration approved the Company's premarket approval application for its new Photofrin® Laser. The newly approved laser, which is designed for use with Photofrin® to treat esophageal cancer, Barrett's Esophagus and non-small cell lung cancer, has been re-engineered with technological advancements in laser design.
- Subsequent to quarter end, in July 2016, the United States Patent and Trademark Office granted Concordia's subsidiary a patent for a lighting system used to perform in-vitro potency testing of Photofrin®. The Company believes that the patent strengthens the intellectual property profile of photodynamic therapy (PDT) with Photofrin®.

In connection with an ordinary course continuous disclosure review by the Ontario Securities Commission (the "OSC"), the Company has included additional disclosure with respect to its 2015 annual and first quarter 2016 results in its second quarter Management's Discussion & Analysis ("MD&A") to provide greater prominence to the Company's GAAP measures for those periods. The additional disclosure can be found on pages 15 to 17 of the MD&A. While this information was previously included in the Company's 2015 annual MD&A and first quarter 2016 MD&A, the Company and the OSC believe that, given the transactions entered into by the Company during those periods, the additional disclosure included in the second quarter 2016 MD&A is helpful in understanding the Company's GAAP measures over the periods indicated.

**Management Changes and Suspension of Dividend**

The Company announced today that Adrian de Saldanha, Concordia's Chief Financial Officer, will be leaving the organization to pursue other opportunities. Mr. de Saldanha will be replaced by Concordia's current Executive Vice President, Edward Borkowski. Mr. de Saldanha will remain with the Company during a transition period. The board of directors of the Company (the "Board") wishes to thank Mr. de Saldanha for his contributions to Concordia's growth.

As a result of his appointment as Chief Financial Officer, Mr. Borkowski will step down from his position on the Board.

Before joining Concordia, Mr. Borkowski was the CFO of Amerigen Pharmaceuticals, a privately held, generic pharmaceutical company focused on oral controlled release products. Previously, he was the CFO and Executive Vice President of Mylan N.V. During Mr. Borkowski's seven-year tenure at Mylan, from 2002 to 2009, he helped lead the company from a US$900 million revenue U.S.-based firm, to an international leader

12

in generic and branded pharmaceuticals through a number of strategic acquisitions and internally focused development of new products.

Subsequent to quarter end, on August 11, 2016, Concordia's Board unanimously agreed to suspend the $0.075 dividend per common share, payable quarterly. The Company believes the dividend payments can be better deployed towards long-term value-creating initiatives or debt repayment.

*      *      *

*Guidance for 2016*

The Company's full year 2016 financial guidance has been updated as of August 12, 2016, as described below. The Company's full year 2016 estimates are based on management's current expectations with respect to prescription trends, pricing levels, foreign currency rates, inventory levels, and the anticipated timing of future product launches and events.

Changes to financial guidance are primarily due to the following business factors:

1.  Reduction in the GBP/USD foreign exchange rate
2.  Introduction of generic competition for Nilandron® in July 2016
3.  Competitive marketplace pressures with respect to two key products: Donnatal® and Plaquenil®

The following is a summary of significant assumptions underlying Concordia's revised full year 2016 financial guidance:

*   Revenues of US$859 million to US$888 million
*   Adjusted EBITDA of US$510 million to US$540 million
*   Approximately 66 percent of revenues to be generated outside the U.S.
*   Target 2016 year-end Net Debt/EBITDA of 6.4x or below
*   Reduction in the GBP/USD foreign exchange rate to 1.31 assumed for the remainder of 2016 from July – December

23.     On this news, Concordia' stock price fell $6.33 per share, or 38%, to close at $10.03 per share on August 12, 2016, on unusually heavy trading volume. As of October 10, 2016, the stock is trading at or around $4.50 per share.

13

24.     Pursuant to Item 303 of Regulation S-K [17 C.F.R. §229.303], and the SEC's related interpretive releases thereto, issuers are required to disclose events or uncertainties, including any known trends, that have had or are reasonably likely to cause the registrant's financial information not to be indicative of future operating results.  Concordia knew about the competition or potential competition for its drugs in the marketplace, including Donnatal and others, but failed to advise the investing public about these facts.

25.     Due to the nature of the pharmaceutical industry, the length of time to develop a competing drug, filings with the FDA for approval, and other disclosures to the public and investors, competing pharmaceutical drugs could not simply appear on the market without warning.   Concordia was aware, at the time of the Offering Documents, including the Supplemental Prospectus, of these competing drugs and their potential negative effects on the business and prospects of Concordia.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to CPLR 901, *et seq.,* on behalf of a class consisting of all persons or entities who acquired Concordia shares pursuant and/or traceable to the Offering Documents for its Offering and who were damaged thereby (the "Class"). Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

27.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Record owners and other

14

members of the Class may be identified from records maintained by Concordia or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. Concordia sold about 8 million shares of stock in the Offering.

28.     Plaintiff's claims are typical of the claims of the members or the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

29.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

30.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are: whether defendants violated the 1933 Act; whether the Offering Documents misrepresented and/or omitted material facts about the business, operations and/or management of Concordia; and to what extent the members of the Class have sustained damages and the proper measure of damages.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

15

## FIRST CAUSE OF ACTION

### Violations of §11 of the 1933 Act
(Against all defendants)

32.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

33.     This cause of action is brought pursuant to §11 of the 1933 Act, 15 U.S.C. §77k, on behalf of the Class, against Concordia and the Individual Defendants ("Defendants").

34.     The Offering Documents for the Offering were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

35.     Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

36.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true and without omissions of any material facts and were not misleading.

37.     By reason of the conduct herein alleged, each defendant named herein violated and/or controlled a person who violated §11 of the 1933 Act.

38.     Plaintiff acquired Concordia common stock pursuant to or traceable to the Offering.

39.     Plaintiff and the Class have sustained damages.  The value of Concordia common stock has declined substantially subsequent to and due to these defendants' violations.

40.     At the time of their purchases of Concordia common stock, Plaintiff and other Class members were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.  Less

16

than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff commenced this action.  Less than three years has elapsed between the time that the securities upon which this Cause of Action is brought were offered to the public and the time that Plaintiff commenced this action.

## SECOND CAUSE OF ACTION

### For Violation of §12(a)(2) of the 1933 Act
(Against all defendants)

41.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

42.     By means of the defective Offering Documents, all defendants promoted and sold Concordia stock to Plaintiff and other Class members.

43.     The Offering Documents contained untrue statements of material fact, and/or concealed or failed to disclose material facts, as detailed above.  The defendants named in this cause of action owed Plaintiff and the other members of the Class who purchased Concordia common stock pursuant to the Offering Documents the duty to make a reasonable and diligent investigation of the statements contained in the Offering Documents to ensure that such statements were true and that there was no omission of a material fact required to make the statements contained therein not misleading.  These defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Offering Documents as set forth above.

44.     Plaintiff did not know, and could not know with the exercise of reasonable diligence, of the untruths and omissions contained in the Offering Documents at the time that Plaintiff acquired Concordia common stock.

17

45.     By reason of the conduct alleged herein, these defendants violated §12(a)(2) of the 1933 Act.  As a direct and proximate result of such violations, Plaintiff and the other Class members who purchased Concordia common stock pursuant to the Offering Documents sustained substantial damages in connection with their purchases of the stock.  Accordingly, Plaintiff and the other members of the Class who hold the common stock issued pursuant to the Offering Documents have the right to rescind and recover the consideration paid for their shares, and hereby tender their common stock to the defendants sued herein.  Class members who have sold their common stock seek damages to the extent permitted by law.

### THIRD CAUSE OF ACTION

**For Violation of §15 of the 1933 Act**
(Against all defendants)

46.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

47.     This cause of action is brought pursuant to §15 of the 1933 Act against Concordia and the Individual Defendants.

48.     The Individual Defendants were each control persons of Concordia by virtue of their positions as directors and/or senior officers of Concordia.  The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of Concordia.  Concordia controlled the Individual Defendants and all of its employees.

49.     Each of the Individual Defendants was a culpable participant in the violations of § 11 of the 1933 Act alleged in the Cause of Action above, based on their having signed or

18

authorized the signing of the Offering Documents and having otherwise participated in the process which allowed the Offering to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.      Determining that this action is a proper class action and certifying Plaintiff as a Class representative;

B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of the defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorney's fees and expert fees;

D.      Awarding rescission or a rescissory measure of damages; and

E.      Such equitable, injunctive, and/or other relief deemed appropriate by the Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: October 10, 2016             BRONSTEIN GEWIRTZ &
                                     GROSSMAN LLC

                                     By:

                                     __/s/Peretz Bronstein_____
                                     Peretz Bronstein
                                     Shimon Yiftach
                                     60 East 42nd Street, Suite 4600
                                     New York, New York 10165

19

(212) 697-6484
*Attorneys for Plaintiff*

20